**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Roy Curtis BERRY, Defendant–Appellant.**

**No. 86–5946.**

United States Court of Appeals, Eleventh Circuit.

March 15, 1988.

Sheryl J. Lowenthal, Coral Gables, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., Linda Collins Hertz, David O. Leiwant, Mayra Reyler Lichter, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before JOHNSON and ANDERSON, Circuit Judges, and ATKINS *, Senior District Judge.

PER CURIAM:

The major issue on this appeal is a sentencing issue involving the proper interpretation of 18 U.S.C. § 4205(b)(1). As a result of six separate bank robberies, Berry was sentenced on six counts of assaulting persons and putting their lives in jeopardy by the use of a dangerous weapon while committing a bank robbery in violation of 18 U.S.C. § 2113(d). He was also sentenced on six counts of using a firearm during the course of committing a crime of violence in violation of 18 U.S.C. § 924(c). He was sentenced to a total term of imprisonment of 180 years, and the district court provided pursuant to 18 U.S.C. § 4205(b)(1) that Berry would become eligible for parole upon serving a minimum of 59 years.

Section 4205(a) provides:

(a) Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms or after serving ten years of a life sentence or of a sentence of over thirty years, *except to the extent otherwise provided by law.*

(Emphasis added). Section 4205(b) provides:

(b) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interest of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, *which term may be less than but shall not be more than one-third of the maximum sentence* imposed by the court, or (2) the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may be released on parole at such time as the Commission may determine.

(Emphasis added). Berry argues that under § 4205(a) he should be eligible for parole after serving a maximum of 10 years. He argues that § 4205(b)(1) gives a district court authority to advance the parole eligibility date provided in § 4205(a), but does not give the district court authority to postpone the parole eligibility date fixed in § 4205(a).

We reject Berry's argument, and hold that the plain meaning of § 4205(b)(1) authorizes a district judge, when the "ends of justice and best interests of the public require," to either advance or postpone the § 4205(a) parole eligibility date by setting "a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than but shall not be more than one-third of the maximum sentence." The language of § 4205(b)(1) does not expressly mention either advancing or postponing the parole eligibility date. However, the authority expressly given the district court would in some cases advance and in other cases postpone that date. Moreover, the last phrase of § 4205(a)—"except to the extent otherwise provided by law"—makes it clear that the parole eligibility dates fixed in that section will operate in the absence of contrary provisions of other laws. Section 4205(b)(1) is clearly one such exception.

In so holding, we follow the similar holdings in the Ninth Circuit, *United States v. Gwaltney*, 790 F.2d 1378 (9th Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 1337, 94 L.Ed.2d 187 (1987); in the Eighth Circuit, *Rothgeb v. United States*, 789 F.2d 647 (8th Cir.1986); and in the Tenth Circuit, *United States v. O'Driscoll*, 761 F.2d 589 (10th Cir.1985), *cert. denied*, 475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986). We have carefully considered the dissenting opinions of Judge Norris in *Gwaltney* and Chief Judge Lay in *Rothgeb*, and we have closely reviewed the legislative history.

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

The legislative history indicates that the major purpose of § 4205(b)(1) was to give judges the option of imposing indeterminate sentences. *See, e.g.,* S.Rep. No. 2013, 85th Cong., 2d Sess. (1958), *reprinted in* 1958 U.S.Code Cong. and Ad.News 3891. However, the committee reports do not indicate whether § 4205(b)(1) was intended to allow the sentencing judge to postpone the date for parole eligibility. The reports do at some points indicate an understanding by those commenting on the bills that § 4205(b)(1) would be used primarily to advance parole dates. *See, e.g.,* 1958 U.S. Code Cong. and Ad.News at 3896–97. On the other hand, the reports include passages supporting the idea of postponement as well.[1] In short, the legislative history does not persuade us that Congress intended to prevent postponement.

Chief Judge Lay and Judge Norris point out that in many cases a life sentence is the maximum penalty for crimes that are more serious than lesser crimes for which the maximum penalty is any term of years. They point out the anomaly that a person convicted of the more serious crime, and receiving a life sentence, will be eligible for parole in ten years under § 4205(a), but that under our construction of § 4205(b)(1) the person convicted of the lesser crime,

and receiving a sentence of an extended term of years, might be required to serve more than ten years before becoming eligible for parole. While we note that anomaly with concern, it is not sufficient to give us authority to disregard the plain meaning of § 4205(b)(1).

The other issues raised by Berry are without merit and warrant no discussion.[2]

AFFIRMED.

---

1. The following passage is perhaps the best example of support for postponement:

> Section 3 of the bill would provide the judge with alternative procedures in sentencing convicted offenders to imprisonment. The judge could sentence as at present, by fixing the maximum term and leaving parole eligibility at one-third of this maximum. Or he could set any maximum term up to the statutory limit and at the same time specify a parole eligibility date falling at any time up to one-third of the court-imposed maximum. Thirdly, he could set only the maximum term and specify that the parole eligibility date would be determined by the Board of Parole.
>
> This procedure in the case of a serious chronic offender would permit the judge to set both the maximum term and the parole eligibility date at the statutory limits. In more hopeful cases, the judge could impose a sentence to imprisonment of reasonable length and specify a parole eligibility date which could be earlier than one-third of that maximum. In doubtful cases the judge could set a long maximum term, and leave the matter of parole eligibility to the determination of

the Parole Board. These alternatives would furnish the judge with the tools necessary to fix the sentence to the requirements of the individual offender and at the same time provide desirable safeguards for the protection of the public. The inadequacy of present rigid sentences would be remedied, in one respect presented [sic] from being too short by enabling the judge to feel freer in imposing longer maximum terms, and in another respect prevented from being too long by making the matter of parole eligibility determination subject to greater flexibility. The prisoner's release would be geared more to his readiness for community life, in terms of the public safety, rather than to the completion of a fixed and arbitrary period of imprisonment. H.Rep. No. 1946, 85th Cong., 2d Sess. 9 (1958). We do not understand the last sentence to support advancement as such. We think it can be read to support flexibility in either direction.

2. Berry's argument that he could not be sentenced both under 18 U.S.C. § 924(c) and 18 U.S.C. § 2113(d) has been foreclosed by *United States v. Ricks,* 817 F.2d 692 (11th Cir.1987).