**UNITED STATES of America**

**v.**

**Anthony DiPASQUALE, Appellant.**

**No. 87–1513.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) May 10, 1988.

Decided Oct. 7, 1988.

---

Anthony DiPasquale, pro se.

Edward S.G. Dennis, Jr., U.S. Atty., Joel M. Friedman, Ronald G. Cole, Philadelphia, Pa., for appellee.

Before HIGGINBOTHAM, SLOVITER and MARIS, Circuit Judges.

## OPINION OF THE COURT

MARIS, Circuit Judge.

Anthony DiPasquale, following a trial and conviction by a jury on four counts of violations of 18 U.S.C. § 894(a), was sentenced on May 9, 1983, to serve the maximum prison term provided for each of the four violations to run consecutively to each other, a total of 80 years in prison. Purportedly under the authority of 18 U.S.C. § 4205(b)(1), the district court designated DiPasquale's eligibility for parole to commence after service of one-third of his term, 26 years and 8 months. The judgment was appealed and affirmed by this court. 740 F.2d 1282 (1984), *cert. denied*, 469 U.S. 1228, 105 S.Ct. 1226, 84 L.Ed.2d 364 (1985).

Subsequently, on December 22, 1986, DiPasquale filed a motion pursuant to 28 U.S.C. § 2255 attacking the legality of his sentence. That motion, as supplemented by a memorandum filed January 21, 1987, included an attack on the legality of the parole eligibility provision of his sentence. It was denied August 7, 1987. DiPasquale appeals, raising the single issue, whether 18 U.S.C. § 4205(b)(1) permits the district court to impose a pre-parole eligibility period which exceeds the limitation of 10 years set forth in 18 U.S.C. § 4205(a). The courts of appeals which have considered this issue are divided in their interpretation of 18 U.S.C. § 4205.[1]

As set forth in 18 U.S.C. § 4205(a), federal prisoners generally are eligible for consideration for release on parole after they have served one-third of their prison term except that prisoners serving a life term or one of over thirty years are so eligible after serving 10 years of their term. Under this provision, the appellant would automatically be eligible for parole consideration after serving 10 years of his 80–year sentence. However, the district court chose to designate the appellant's eligibility for parole under the authority granted the sentencing court under 18 U.S.C. § 4205(b)(1), interpreting subsection (b)(1) as eliminating the 10–year ceiling mandated in the immediately preceding general parole provision of subsection (a) and setting the date of appellant's eligibility for parole as commencing after his service of one-third of his sentence or 26 years and 8 months.

We start with a consideration of the language of the statute,[2] which, the govern-

---

1. 18 U.S.C. § 4205 was repealed, effective November 1, 1987, by the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, § 218(a)(5), 98 Stat. 2027.

2. § 4205. Time of eligibility for release on parole

(a) Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms or after serving ten years of a life sentence or of a sentence of over thirty years, except to the extent otherwise provided by law.

ment argues, plainly gives the sentencing court the power exercised here, to postpone the parole eligibility date beyond the 10–year ceiling which would automatically go into effect under the general provision stated in subsection (a). The government urges that this is the plain purport of § 4205(b)(1) since the phrase in subsection (a) stating the 10–year ceiling is omitted from subsection (b)(1).

First, with regard to the argument that the silence of § 4205(b)(1) should be construed to give the sentencing court power to disregard the 10–year ceiling for parole eligibility in § 4205(a), such a construction is far from compelled. Section 4205(a) embodies the former entire parole eligibility law, the provisions of § 4205(b) being a later addition to it. And we are cautioned against reading into legislation any significant change in the law, particularly the criminal law, unless the legislative history clearly supports it. *Muniz v. Hoffman,* 422 U.S. 454, 470–474, 95 S.Ct. 2178, 2187–2189, 45 L.Ed.2d 319 (1975). Moreover, what the government is urging is that we read into silence, the omission from subsection (b)(1) of the phrase stated in subsection (a), a totally opposite thrust to subsection (b)(1) from that which the actual language it contains suggests. Clearly, the purport of the empowering language used in § 4205(b)(1), "which [minimum] term *may be less than but shall not be more than* one-third of the maximum sentence," emphasis added, is to empower the sentenc-

ing court to reduce the pre-parole eligibility period, not to extend it. In addition, in construing a statute, we are required to consider the statute as a whole. This is particularly true as to § 4205 under which the Congress in 1976 by the Parole Commission and Reorganization Act brought together two priorly separated provisions, prior §§ 4202 and 4208. The parts of a statute are not to be read in isolation; the statute must be read as a whole. *United States v. Morton,* 467 U.S. 822, 828, 104 S.Ct. 2769, 2773, 81 L.Ed.2d 680 (1984); *United States v. Busic,* 592 F.2d 13, 26 (2d Cir.1978). In construing a statute, the court must not be guided by a single sentence or part of a sentence, but must look to the provisions of the whole law and, moreover, to its object and policy. *Philbrook v. Glodgett,* 421 U.S. 707, 713–714, 95 S.Ct. 1893, 1898–1899, 44 L.Ed.2d 525 (1975). In order to construe the parole eligibility provisions contained in § 4205(a) and (b)(1) against the background of their history, object and policy, we turn to the legislative history.

The 1948 codification [3] of the parole eligibility statute, 18 U.S.C. § 4202, provided that federal prisoners serving a term of over one year could be released on parole after serving one-third of their term or after serving 15 years of a life sentence. In 1951,[4] among other amendments to § 4202, there was added after the phrase "of a life sentence" "or of a sentence of over forty-five years." The purpose of the

(b) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interest of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than but shall not be more than one-third of the maximum sentence imposed by the court, ...

**3.** § 4202. Prisoners eligible

A Federal prisoner, other than a juvenile delinquent, wherever confined and serving a definite term or terms of over one year, whose record shows that he has observed the

rules of the institution in which he is confined, may be released on parole after serving one-third of such term or terms or after serving fifteen years of a life sentence.

**4.** § 4202. Prisoners eligible

A Federal prisoner, other than a juvenile delinquent or a committed youth offender, wherever confined and serving a definite term or terms of over one hundred and eighty days, whose record shows that he has observed the rules of the institution in which he is confined, may be released on parole after serving one-third of such term or terms or after serving fifteen years of a life sentence or of a sentence of over forty-five years.

Act of July 31, 1951, Pub.L. No. 98, 65 Stat. 150.

addition was stated in Senate Committee Report No. 524 to be:

> The present inflexible rule that a prisoner sentenced to a definite term must serve one-third of his sentence to become eligible for parole seems unjust in its application to prisoners sentenced for more than 45 years because a prisoner serving a life sentence becomes eligible in 15 years. Thus, under the present law, a prisoner sentenced to a total of 60 years on a charge less severe in its nature than homicide, will have to serve 20 years before becoming eligible for parole, while a person sentenced to life for homicide becomes eligible for parole after serving 15 years. 1951 U.S.Code Cong. and Adm.News p. 1676.

Thus, in 1951, it was determined that parole eligibility, which was to begin after a prisoner served one-third of his sentence, was in every case to commence, regardless of the length of any prisoner's sentence, after service of 15 years. It may be noted here that the district court's construction of § 4205(b)(1) in the present case, in effect, incorporates into that provision the anomaly eliminated in 1951 from the general statute, that eligibility for parole could commence earlier for a lifer than for a prisoner under a sentence for a long term of years.

In 1958 was enacted [5] the predecessor of § 4205(b)(1), § 4208(a)(1), the language being identical. Section 4208(a) was section 3 of the 1958 statute. Section 7 provided:

> This Act does not apply to any offense for which there is provided a mandatory penalty. Pub.L. No. 85-752, § 7, 72 Stat. 847.

Section 7 was not codified but appeared in the United States Code Annotated as a note following § 4208. Section 4202 was not affected by the 1958 statute, remaining in place.

There is a great deal in the legislative history of § 4208(a)(1) indicating the intent that the new legislation would give the sentencing court authority to advance the parole eligibility date established by § 4202. This legislative history is set forth in detail in the opinion of the First Circuit in *United States v. Castonguay*, 843 F.2d 51, 55 (1st Cir.1988), and need not be repeated here. On the other hand, there is nothing in the history indicating as clearly an intent also to provide the sentencing court with the opposite authority to postpone the date.[6]

In 1976, as we have said, the Parole Commission and Reorganization Act brought prior §§ 4202 and 4208(a)(1) together in subsections (a) and (b)(1) of § 4205 here under review. As indicated above, § 4208(a)(1) became § 4205(b)(1) without change in language. However, § 4205(a) changed the 15-year ceiling of § 4202 to 10 years and there was added the final clause of § 4205(a), "except to the extent otherwise provided by law." Senate Committee Report No. 94-369 states unequivocally that § 4205(a) and (b)(1) reenact existing parole eligibility provisions unchanged. 1976 U.S.Code Cong. and Adm. News pp. 343-344. House Conference Committee Report No. 94-838 notes the change of the 15-year ceiling to 10 years but otherwise also indicates reenactment without change of existing law. 1976 U.S. Code Cong. and Adm.News p. 357. Re-

---

**5.** § 4208. Fixing eligibility for parole at time of sentencing

>    (a) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interests of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than, but shall not be more than one-third of the maximum

> sentence imposed by the court, .... Joint Resolution of August 25, 1958, Pub.L. No. 85-752, § 3, 72 Stat. 845, 845-846.

**6.** By the same token, two courts of appeals characterized § 4208(a)(1) as an early parole eligibility provision, *United States v. Price*, 474 F.2d 1223, 1228 (9th Cir.1973); *Jones v. United States*, 419 F.2d 593, 595 (8th Cir.1969), and it appears that no court of appeals construed § 4208(a)(1) as authorizing postponement of the eligibility period.

garding the "except" clause added to the general parole eligibility provision, § 4205(a), one can find no reference to it unless it is the comment in the House Conference Committee Report, clearly applied to subsection (h)[7] of new § 4205, that "certain special provisions relating to eligibility for parole are preserved." 1976 U.S.Code Cong. and Adm.News p. 357. This is obviously a reference to the uncodified caution contained in section 7 of the Joint Resolution of 1958 that its parole eligibility provisions did not apply to any offense for which there was provided a mandatory penalty. We think that the exception clause in subsection (a) is intended to implement subsection (h) in the very section, subsection (a), which provides the limits on eligibility for parole. That the language of the exception clauses in subsections (a) and (h) does not contain the phrase, "mandatory penalty," is explained by the difficulty the courts experienced in interpreting that phrase. *See Jones v. United States,* 419 F.2d 593 (8th Cir.1969).

Considering subsections (a) and (b)(1) of § 4205 as a whole in light of the legislative history which we have outlined, we think that subsection (a) must be read as the primary provision, and that subsection (b)(1) must be read as giving the sentencing court power to fix shorter periods than the maximum thus fixed. The clause in subsection (a), "except to the extent otherwise provided by law," as well as the language of subsection (h) are clearly derived from the language contained in section 7 of the Joint Resolution of 1958 that its parole eligibility provisions did not apply to any offense for which there was provided a mandatory penalty. This language thus applies to those statutes which make special parole provisions for particular offenses or deny parole entirely, but not to § 4205 itself. To hold otherwise would be

to say that subsection (b)(1), in effect, strikes out of subsection (a) the 10–year limitation on parole eligibility in the case of sentences of more than thirty years but not the similar limitation on life sentences. This would be a bizarre result which, in the light of the legislative history, we are sure Congress did not intend. It is the very same anomaly which Congress corrected in the earlier statute in 1951.

We conclude that the district court erred in the present case in fixing the period of eligibility of parole at more than 10 years, the maximum period fixed by 18 U.S.C. § 4205(a). In so holding, we are in accord with the views of the First and Seventh Circuits, *United States v. Castonguay,* 843 F.2d 51 (1st Cir.1988), and *United States v. Fountain,* 840 F.2d 509 (7th Cir.1988). With the contrary holdings in *United States v. Berry,* 839 F.2d 1487 (11th Cir. 1988); *United States v. Gwaltney,* 790 F.2d 1378 (9th Cir.1986), *cert. denied,* 479 U.S. 1104, 107 S.Ct. 1337, 94 L.Ed.2d 187 (1987); *Rothgeb v. United States,* 789 F.2d 647 (8th Cir.1986); and *United States v. O'Driscoll,* 761 F.2d 589 (10th Cir.1985), *cert. denied,* 475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986), we respectfully disagree.

The order appealed from will be reversed and the cause remanded for entry of an order in conformity with this opinion.

---

7. § 4205

.    .    .    .    .

(h) Nothing in this chapter shall be construed to provide that any prisoner shall be eligible for release on parole if such prisoner is ineligible for such release under any other provision of law.