875 F.2d 316
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America,
v.
Antonio Javier GARCIA, a/k/a Tony,
 No. 88-5100.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 10, 1989.
Decided May 15, 1989.
Rehearing and Rehearing En Banc Denied June 12, 1989.
 
 Kimberly Homan (Zalkind, Sheketoff, Homan, Rodriguez & Lunt, on brief), for appellant.
 Alfred William Walker Bethea, Jr., Assistant United States Attorney (Vinton D. Lide, United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL and WIDENER, Circuit Judges, and RICHARD B. KELLAM, Senior United States District Judge, sitting by designation.
 PER CURIAM:
 
 
 1
 Garcia appeals his conviction on one count of conspiracy and three counts of possession with intent to distribute and the distribution of cocaine. We affirm the conviction.
 
 
 2
 In March of 1988, Garcia was tried and convicted on the four counts alleging his involvement in a conspiracy to distribute and the possession and distribution of substantial quantities of cocaine. One of the principals in the conspiracy was William "Dickie" Hunt, who, before dealing in cocaine, had distributed marijuana for one Casey Strickland. Hunt testified that he met Miguel Valdes while on a trip to Florida to pick up some marijuana for Strickland. Through Valdes, Hunt met Tony Garcia while on a similar trip to pick up cocaine. Hunt testified that Garcia delivered a part of that shipment of cocaine for Hunt to transport back to South Carolina.
 
 
 3
 Hunt met John Wright in 1984. From a farm acquired by Wright at Aiken, South Carolina, the two carried on a partnership of distributing marijuana with distribution into South Carolina, Ohio, Georgia and Pennsylvania. Hunt requested, and began receiving from Valdes, cocaine, on credit, to transport to South Carolina with return of the payment a few days thereafter. He testified that if Garcia, on occasion, did not have enough cocaine for Valdes to give to Hunt that Garcia would leave and return with more.
 
 
 4
 Valdes also set up a cocaine processing lab at Clewiston, Florida, with which Hunt was also involved. One Brittingham, as well as Valdes, Hunt and Gerald Weathersbee, a driver for the group, entered into plea agreements with the government and as a result thereof testified against Garcia.
 
 
 5
 Hunt's group transported and distributed cocaine from Florida to South Carolina and other destinations from 1983 until 1986, most of which was supplied by Valdes and was distributed in South Carolina. Valdes testified as to Garcia's involvement in the network and as to each count.
 
 
 6
 Garcia contends that his sixth amendment right to confrontation was violated by the trial court's prohibition of cross-examination of two government witnesses, Weathersbee and Brittingham, concerning part of their plea agreement. The government included in the plea agreements that the agreement itself was expressly contingent upon the witnesses' successful completion of a polygraph examination. Garcia's counsel was not allowed to explore that part of the plea agreements in front of the jury. Neither was the jury, however, told anything about a polygraph in connection with the plea agreement. Apparently, polygraph tests administered to Weathersbee and Brittingham prior to the time they signed their plea agreements showed signs of deception.
 
 
 7
 A criminal defendant has a right to cross-examine a witness in order to undermine the credibility of that witness by highlighting the possible influence of bias on his testimony. Wide latitude should be allowed such a defendant. Hoover v. State of Maryland, 714 F.2d 301, 305 (4th Cir.1983). It is within the discretion of the trial judge in light of the confrontation clause to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues or interrogation that is repetitive or only marginally relevant. Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986).
 
 
 8
 The standard with respect to the use of polygraph evidence in this circuit is that the results of the examination or even a reference to the fact that a witness has taken a polygraph examination is not admissible. United States v. Tedder, 801 F.2d 1437, 1444 (4th Cir.1986). Further, this court has instructed that polygraph provisions appearing in plea agreements should be redacted by the trial court before the plea agreement is allowed into evidence. United States v. Herrera, 832 F.2d 833, 835 (4th Cir.1987). The reasoning underlying our rule is that inclusion of the provision by the government and bringing the same to the attention of the jury constitutes improper bolstering of the witness's testimony.
 
 
 9
 Garcia argues that as the plea agreements contain the condition of successfully completing polygraph examinations, the government witnesses subject to the agreements are unfairly biased toward the government. Garcia, in effect, is arguing that not only is the government using the plea agreement against the witnesses to avoid deviation from the truth, but that the additional requirement of passing the polygraph gives the witnesses the incentive to testify favorably for the government, regardless of the truth.
 
 
 10
 We think the argument fails for two reasons. First, the logic of the same is rather shaky. If a witness shades his testimony toward the government and varies from the truth, the polygraph, assuming its proper operation, would pick that up. Also, and just as important, we think that the rule in this circuit is fair to both sides and that, at least, unless and until polygraph results are admissible into evidence, the restriction of any inquiry into them is a reasonable restriction on cross-examination as it is on direct examination, and does not violate the Sixth Amendment.
 
 
 11
 Garcia next argues that the trial court erred by admitting evidence concerning his previous contacts and transactions with his coconspirators and others. The evidence to which the defendant objects is Hunt's testimony with respect to a 1983 transaction in which Hunt stated (apparently corroborated by Valdes) that he met Garcia at Valdes' house when Garcia delivered cocaine; evidence of a January 1987 transaction where Garcia again delivered quantities of cocaine; and evidence of the relationship between Garcia and other individuals alleged to be Garcia's suppliers but who were not coconspirators. The district court admitted the evidence under Fed.R.Evid. 404(b).
 
 
 12
 In United States v. Rawle, 845 F.2d 1244 (4th Cir.1988), in which a similar claim of error was made in the context of a drug conspiracy case, the evidence of prior bad acts was properly introduced under Rule 404(b) to show knowledge, common scheme or plan as there was sufficient similarity between the prior bad acts and the alleged acts of the defendant. Rawle at 1247-1248. In reaching this conclusion, this court discussed the purpose and use of Rule 404(b). The rule provides that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." Under the rule, however, prior bad acts are admissible if they are relevant to an issue other than character; necessary; and reliable. Rawle 845 F.2d at 1247, (quoting United States v. Greenwood, 796 F.2d 49, 53 (4th Cir.1986)).
 
 
 13
 The evidence is relevant under 404(b) if it is sufficiently related to the charged offense, as was the evidence here which describes transactions involving Garcia as the supplier of cocaine. The evidence is necessary and admissible where it is an essential part of the crimes on trial or where it furnishes part of the context of the crime as here, where Garcia's role in supplying the cocaine was a necessary element in what was an ongoing business of distribution. The remaining factor is that of reliability, and we note that the accounts and details of Garcia's involvement were virtually the same from the witnesses; thus, it would have been difficult for the witnesses to have fabricated his involvement to curry favor with the government. We are of opinion the bad act evidence was admissible under Rawle.
 
 
 14
 Garcia next argues that the trial court was without authority to extend the time for which he would be eligible for parole. Garcia was sentenced on Count 1 to a term of 60 years and on each of Counts 2-4 to a term of 20 years. The 20 year terms are to be served concurrently with each other but consecutively to the 60 year sentence. The court required that Garcia serve 18 years before becoming eligible for parole pursuant to 18 U.S.C. Sec. 4205(b)(1).
 
 
 15
 Section 4205(b) provides, in pertinent part, that upon entering a judgment of conviction, the sentencing court, "when in its opinion the ends of justice and the best interest of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than but shall not be more than one-third of the maximum sentence imposed by the court...." Garcia argues that Sec. 4205(b) is not a provision that falls within the exception stated in Sec. 4205(a)[1] and that accordingly he must be eligible for parole consideration at the end of ten years under Sec. 4205(a).
 
 
 16
 Having examined the cases, and we note there are different interpretations among the circuits, we are of opinion that Sec. 4205(b) gives the sentencing court the authority to set a defendant's eligibility for parole at any point up to one-third of the sentence of a definite term of years imposed. We think Sec. 4205(b) provides the statutory sentencing alternative contemplated by the exception stated in Sec. 4205(a).[2] See United States v. Addonizio, 442 U.S. 178, 189, n. 15 (1979). As the 18 years set by the trial court, after which Garcia is eligible for parole, is within one-third of the term of years imposed, the trial court did not act outside the scope of its authority.
 
 
 17
 We have considered the remaining issues of which Garcia complains and are of opinion they are without merit.
 
 Accordingly, the judgment of conviction is
 
 18
 AFFIRMED.
 
 
 
 [1]
 18 U.S.C.A. Sec. 4205(a) provides:
 Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms or after serving ten years of a life sentence or of a sentence of over thirty years, except to the extent otherwise provided by law.
 
 
 [2]
 Accord: United States v. Whitworth, 856 F.2d 1268 (9th Cir.1988); United States v. Petary, 857 F.2d 458 (8th Cir.1988); United States v. Berry, 839 F.2d 1487 (11th Cir.1988); United States v. Gwaltney, 790 F.2d 1378 (9th Cir.1986), cert. den. 479 U.S. 1104 (1987); Rothqeb v. United States, 789 F.2d 647 (8th Cir.1986); United States v. O'Driscoll, 761 F.2d 589 (10th Cir.1985), cert. den. 475 U.S. 1020, reh. den. 475 U.S. 1112 (1986)
 Contra: United States v. Dipasquale, 859 F.2d 9 (3rd Cir.1988); United States v. Castonquay, 843 F.2d 51 (1st Cir.1988); United States v. Fountain, 840 F.2d 509 (7th Cir.1988).