**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Donald Franklin TIDMORE,**
**Defendant–Appellant.**

**No. 87–5376.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 6, 1990.

As Amended Feb. 26, 1990.

Mary Catherine Bonner, Ft. Lauderdale, Fla., and G. David O'Leary, Miami, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Andrea Simonton and Linda C. Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before ANDERSON and COX, Circuit Judges, and SHOOB*, District Judge.

ANDERSON, Circuit Judge:

This case involves the proper interpretation of subsections (a) and (b) of 18 U.S.C. § 4205.[1] These subsections deal with the authority of the trial court to impose a mandatory term before which an incarcerated criminal may not be considered for parole. The sole issue discussed in this opinion[2] is whether subsection (b) provides authority for a district court to impose a life sentence and then specify that a term longer than ten years shall be served without the possibility of parole.

Tidmore was the subject of an undercover investigation of suspected tax crimes. The investigation was conducted by a special agent of the Internal Revenue Service, acting in an undercover role. After two large sums were smuggled to an offshore bank account pursuant to the scheme, the agent's undercover role was compromised during a third transaction, and Tidmore assaulted the agent, stabbing him with an ice pick. Tidmore was charged and convicted: in count one of conspiring to defraud the United States by obstructing the tax function, 18 U.S.C. § 371; in count two of wire fraud in connection therewith, 18 U.S.C. § 1343; and in counts three, four and five Tidmore was charged with and convicted of attempting to murder the agent, assaulting the agent with a deadly weapon, and kidnapping the agent, in violation of 18 U.S.C. §§ 1114, 1111, 111 and 1201(a)(5) respectively. Tidmore was sentenced to five years on count one (conspiracy), five years on count two (wire fraud), twenty years on count three (attempted murder), ten years on count four (assault with a deadly weapon), and life imprisonment on count five (kidnapping). These sentences were to be served concurrently. In addition, pursuant to 18 U.S.C. § 4205(b)(1), the court ordered Tidmore to serve a minimum of twenty years before becoming eligible for parole. Tidmore argues on appeal that the district court improperly applied § 4205(b) in imposing the twenty years without parole.

Section 4205 provides in relevant part:

---

* Honorable Marvin H. Shoob, U.S. District Judge for the Northern District of Georgia, sitting by designation.

1. Although applicable to the facts of this case, § 4205 was repealed effective November 1, 1987, by Pub.L. 98–473, 98 Stat. 2027 (1984).

2. Tidmore raised several other claims on appeal: that the tax-related counts were improperly joined with the assault-related counts and should have been severed; that he was not competent to stand trial and should have had a more extensive hearing on competency; and that the nonexistence of an actual taxpayer gave rise to a legal impossibility defense. These other issues have no merit and warrant no discussion. Thus Tidmore's conviction on all counts is affirmed.

§ 4205. Time of eligibility for release on parole

(a) Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms or after serving ten years of a life sentence or of a sentence of over thirty years, except to the extent otherwise provided by law.

(b) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interest of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than but shall not be more than one-third of the maximum sentence imposed by the court, . . . .

18 U.S.C. § 4205(a), (b)(1) (repealed 1987). Tidmore properly notes that the twenty years without parole could not be based on the sentence for counts one through four, because § 4205(b)(1) clearly provides that such a minimum term without parole shall not exceed one-third of the maximum sentence imposed by the court. Thus, the issue before us is whether § 4205(b)(1) provides authority for the district court to impose a minimum term of twenty years without parole based on the life sentence imposed in count five.

The government argues that the provision of subsection (a) that a prisoner is eligible for parole after serving 10 years of a life sentence is subject to an express exception, i.e., "except to the extent otherwise provided by law." The government argues that subsection (b)(1) is such an exception and in general authorizes a district judge either to advance or to postpone the eligibility date set in subsection (a). Thus far, we agree with the government, and our previous opinion in *United States v. Berry*, 839 F.2d 1487 (11th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 863, 102 L.Ed.2d 987 (1989), so held.[3] The problem in this case, however, is that the maximum sentence imposed by the court on count five is life imprisonment. Life imprisonment is an unquantifiable term, and we see no way of applying the provision of subsection (b)(1) to the effect that the minimum term without parole "shall not be more than one-third of the maximum sentence imposed by the court." There is no satisfactory way to determine a quantity which is one-third of a life sentence. We reject the government's argument that a life sentence is infinite and that a trial court therefore has authority to impose any mandatory term without parole. The statute indicates that Congress contemplated that a district judge would have some discretion in fixing a minimum term without parole, but not unbounded discretion. Rather, Congress provided that such a term "shall not be more than one-third of the maximum sentence imposed by the court." We conclude that § 4205(b)(1) is not applicable to a life sentence and pro-

---

**3.** In *Berry*, we rejected the defendant's argument that § 4205(b)(1) authorizes a district judge only to advance the parole eligibility date. We held that the statute authorizes a district judge to either advance or postpone the eligibility date. Thus we affirmed a sentence of a total term of imprisonment for 180 years, including a provision under § 4205(b)(1) that defendant would become eligible for parole after serving a minimum of 59 years. The 59 years did not exceed the limitation in § 4205(b)(1) that such a minimum term without parole "shall not be more than one-third of the maximum sentence imposed by the court."

Our holding in *Berry* followed similar holdings in the Ninth Circuit, *United States v. Gwaltney*, 790 F.2d 1378, 1387–89 (9th Cir.1986), *cert. denied*, 479 U.S. 1104, 107 S.Ct. 1337, 94 L.Ed.2d

187 (1987); in the Eighth Circuit, *Rothgeb v. United States*, 789 F.2d 647, 652 (8th Cir.1986); and in the Tenth Circuit, *United States v. O'Driscoll*, 761 F.2d 589, 595–97 (10th Cir.1985), *cert. denied*, 475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986). Several circuits have declined to follow this line of cases. *United States v. Hagen*, 869 F.2d 277, 280–81 (6th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 2084, 104 L.Ed.2d 648 and *cert. denied*, —— U.S. ——, 109 S.Ct. 3228, 106 L.Ed.2d 576 (1989); *United States v. DiPasquale*, 859 F.2d 9, 13 (3d Cir.1988); *United States v. Castonguay*, 843 F.2d 51, 52–56 (1st Cir.1988); *United States v. Fountain*, 840 F.2d 509, 517–23 (7th Cir.), *cert. deined*, —— U.S. ——, 109 S.Ct. 533, 102 L.Ed.2d 564 (1988).

vides no authority for a district judge to specify that more than ten years of a life sentence shall be served without eligibility for parole. Thus we vacate the sentence on count five and remand for resentencing on that count.

Our holding follows a similar holding in the Ninth Circuit. *United States v. Kinslow,* 860 F.2d 963 (9th Cir.1988), *cert. denied,* —— U.S. ——, 110 S.Ct. 96, 107 L.Ed.2d 60 (1989). In addition to *Kinslow,* dicta in our own circuit, *see Berry,* 839 F.2d at 1489, and dicta in numerous other cases[4] support our holding that § 4205(b)(1) provides no authority for a district judge to increase beyond ten years the minimum term a life prisoner must serve before becoming eligible for parole.

The government argues that it is anomalous that the most severe penalty, i.e., a life sentence, would carry only ten years without parole, while a sentence of a long term of years for the same or a lesser crime might carry more than ten years without parole (e.g., twenty years without parole would be permissible under § 4205(b)(1) in the case of a sixty year prison term). We noted this anomaly with concern in *Berry,* where we assumed in dicta what we now hold. As in *Berry,* our concern does not give us leave to rewrite the statute to rectify a problem which Congress apparently overlooked.

Tidmore's conviction on all five counts is AFFIRMED.[5] His sentence on counts one through four is AFFIRMED. His life sentence on count five (kidnapping), including the provision that twenty years thereof should be served without parole, is VACATED and the case is REMANDED for resentencing on count five.

AFFIRMED in part, VACATED in part, and REMANDED.

---

**4.** *Fountain,* 840 F.2d at 517–18 (stating, in dicta, that judge may not set mandatory term at more than ten years when sentencing criminal to life imprisonment); *O'Driscoll,* 761 F.2d at 596 (same); *Rothgeb,* 789 F.2d at 652 (impliedly recognizing that ten years is maximum mandatory term for life sentence).

**5.** *See* note 2, *supra.*