Justice White,
with whom Justice O’Connor joins,
dissenting.
Petitioner Costa was convicted on various drug trafficking charges and sentenced to 60 years in prison. The District Court ordered that he would not be eligible for parole until he served one-third of his sentence (20 years). Before the Eleventh Circuit, petitioner argued that this latter provision violated 18 U. S. C. § 4205(a), which states that the maximum term of imprisonment prior to parole eligibility generally is (1) one-third of a sentence for a term of years, or (2) 10 years of a life sentence and of a sentence of more than 30 years.
The Court of Appeals rejected this argument, relying on § 4205(b)(1), which provides that a district court may “designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than but shall not be more than one-third of the maximum sentence imposed by the court.” 947 F. 2d 919 (1991).
The Courts of Appeals have interpreted the interplay between subsections (a) and (b)(1) of the statute in conflicting ways. In holding that § 4205(b)(1) authorizes the sentencing court to disregard the 10-year ceiling for parole eligibility in § 4205(a), the Eleventh Circuit joined the Fifth, Ninth, Eighth, and Tenth Circuits. See United States v. Varca, 896 F. 2d 900, 905-906 (CA5), cert, denied, 498 U. S. 878 (1990); United States v. Gwaltney, 790 F. 2d 1378, 1388-1389 (CA9 1986), cert, denied, 479 U. S. 1104 (1987); Rothgeb v. United States, 789 F. 2d 647, 651-653 (CA8 1986); United States v. O’Driscoll, 761 F. 2d 589, 595-598 (CA10 1985), *930 cert. denied, 475 U. S. 1020 (1986); see also United States v. Berry, 839 F. 2d 1487 (CA11 1988), cert. denied, 488 U. S. 1040 (1989). Firmly to the contrary are the First, Third, Sixth, and Seventh Circuits, which have held that § 4205 imposes a 10-year maximum before parole eligibility. Under this view, the purpose of subsection (b) was to allow judges to reduce, not to extend, the preparóle eligibility period. See United States v. Castonguay, 843 F. 2d 51, 56 (CA1 1988); United States v. DiPasquale, 859 F. 2d 9, 13 (CA3 1988); United States v. Hagen, 869 F. 2d 277 (CA6), cert, denied, 492 U. S. 911 (1989); United States v. Fountain, 840 F. 2d 509, 521 (CA7), cert, denied, 488 U. S. 982 (1988).
Although the statute was repealed as of November 1, 1987, by the Sentencing Reform Act of 1984, it remains applicable to crimes committed before that date. As this case and others illustrate, the issue continues to arise. See United States v. Faulkenberry, 1992 U. S. App. LEXIS 14580 (CA9) (unpublished); Frierson v. United States, 1991 U. S. App. LEXIS 10310 (CA6) (unpublished); United States v. Beale, 921 F. 2d 1412 (CA11), cert. denied, 502 U. S. 829 (1991); United States v. Maravilla, 907 F. 2d 216, 229 (CA1 1990). I would grant certiorari to resolve this split between the Circuits.