**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2993
_____

RAYMOND CLARK,
                                        Appellant,

v.

H. L. HUFFORD, WARDEN

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 11-cv-01942)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2012

Before:  SLOVITER, GREENAWAY, JR. and BARRY, Circuit Judges

(Opinion filed:  November 13, 2012)
_____

OPINION
_____


PER CURIAM

    Appellant Raymond Clark appeals orders of the District Court denying his petition

for writ of habeas corpus and motion for reconsideration.  For the following reasons, we

will affirm.

Clark, following his conviction for racketeering and conspiracy to distribute heroin, was sentenced in the United States District Court for the Southern District of New York to a term of imprisonment of 50 years. He began serving his federal sentence on February 22, 1991, when the Bureau of Prisons took him into custody pursuant to a detainer. Applying former 18 U.S.C. § 4205(a), which provides that an inmate serving a sentence in excess of 30 years be eligible for parole after serving 10 years, the BOP calculated a parole eligibility date for Clark of February 21, 2001.

Clark applied for parole in March, 2001, and an initial parole hearing was held in May, 2001. After reviewing Clark's role in the offenses, the United States Parole Commission denied parole and ordered that Clark be continued to a 15-year reconsideration hearing in May, 2016. The Parole Commission noted the following pertinent aggravating factors in Clark's case: that he was part of a large scale heroin distribution organization that operated over a period of time and engaged in multiple murders in order to protect and further its illegal activity, and that Clark was personally involved in multiple murders and thus represented an extreme parole risk. Clark appealed, but the National Appeals Board affirmed the Parole Commission's decision. Clark received statutory interim hearings in 2003, 2007, and 2009. After each of those hearings, the Parole Commission refused to change the 15-year parole reconsideration date of May, 2016.

In 2011, the BOP retroactively designated the state institution where Clark had been incarcerated prior to his arrival at his federal facility as the place of confinement for purposes of calculating his federal sentence, see Barden v. Keohane, 921 F.2d 476 (3d

2

Cir. 1990). Clark was given credit toward his federal sentence for the time he served in a state institution, and his federal sentence was recalculated to have commenced on July 6, 1987, instead of February 22, 1991. The BOP accordingly recalculated Clark's parole eligibility date under section 4205(a), and changed its records to indicate that Clark had first become eligible for parole on July 4, 1997, instead of February 21, 2001. Of course, both those dates had long since passed.

On July 27, 2011, the Parole Commission conducted another statutory interim hearing, but it adhered to its original view concerning Clark's suitability for parole and would not agree to a change in the 15-year parole reconsideration date of May, 2016. Clark appealed, contending that, because his parole eligibility date had been moved up by several years, his May, 2016 parole reconsideration date should also be moved up by several years. The National Appeals Board denied the appeal, explaining that, when the Parole Commission ordered the 15-year reconsideration date, it was finding that Clark was not suitable for parole release until May, 2016, and the Parole Commission's *suitability* judgment had not been affected by the subsequent advancement of Clark's parole *eligibility* date.

Clark then filed the instant petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Middle District of Pennsylvania. Clark argued in his petition that the Parole Commission abused its discretion and violated due process by ignoring the mandatory language of section 4205(a) in refusing to modify his parole reconsideration hearing date. Following the submission of an answer by the BOP, along with the administrative record, the Magistrate Judge filed a Report and Recommendation,

3

in which he recommended that the habeas corpus petition be denied. In an order entered on April 19, 2012, the District Court adopted the Report and Recommendation and denied Clark's petition for writ of habeas corpus, concluding that the Parole Commission has the discretion to determine that Clark is not suitable for release on parole until May, 2016, even though his parole eligibility date was moved up by a subsequent recomputation of his sentence. The District Court denied Clark's motion for reconsideration, which raised no new arguments, in an order entered on May 4, 2012.

Clark appeals. We have jurisdiction under 28 U.S.C. § 1291. A court's role in reviewing decisions by the United States Parole Commission on an application for a writ of habeas corpus is limited. See Gambino v. Morris, 134 F.3d 156, 160 (3d Cir. 1998). We decide only whether there is a rational basis in the record for the Parole Commission's conclusions, id. (citing Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir. 1976)), and will uphold the decision as long as it is not arbitrary and capricious, or based on impermissible considerations, id.

We will affirm. Section 4205(a) of title 18 provides: "Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms or after serving ten years of a life sentence or of a sentence of over thirty years, except to the extent otherwise provided by law." 18 U.S.C. § 4205(a). The recalculation of Clark's federal sentence had the effect of moving up the date that he became eligible for parole, but it had no effect on the Parole Commission's decision that he was not suitable for parole until May, 2016. The Parole Commission's decisions setting and reaffirming a May, 2016 parole

4

reconsideration date do not violate 18 U.S.C. § 4205(a), because the statute does not establish deadlines for parole suitability reconsideration hearings.

Thus, the District Court properly denied Clark's habeas corpus petition and reconsideration motion. We agree with the District Court that the Parole Commission has the discretion to determine that Clark is not suitable for release on parole until May, 2016, even though his parole eligibility date was moved up by a subsequent recomputation of his sentence. Clark has argued in his Informal Brief that our decision in United States v. DiPasquale, 859 F.2d 9 (3d Cir. 1988), is to the contrary, see Informal Brief, at 5-7, but in DiPasquale we held only that a court could not extend a prisoner's eligibility for parole beyond the deadlines established by section 4205(a). See id. at 13 (district court erred in fixing period of eligibility for parole at more than 10 years, the maximum fixed by 18 U.S.C. § 4205(a)). Here, the BOP did not extend Clark's eligibility for parole beyond the deadlines established by section 4205(a). Moreover, Clark has neither argued nor has he shown that the Parole Commission's May, 2001 decision finding that he was not suitable for parole until May, 2016 -- because of the presence of numerous aggravating factors in his case -- was arbitrary and capricious or based on impermissible considerations.

For the foregoing reasons, we will affirm the orders of the District Court denying Clark's habeas corpus petition and motion for reconsideration.

5