### UNITED STATES of America, Plaintiff–Appellee,

v.

### Edwin John HAGEN (87–1011/2135) and William John Varellas (87–1012/2134), Defendants–Appellants.

### Nos. 87–1011, 87–1012, 87–2134 and 87–2135.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 15, 1988.

Decided Feb. 28, 1989.

Rehearing in No. 87–2134 Denied April 4, 1989.

Rehearing Denied in No. 87–2134 April 4, 1989.

Rehearing Denied in Nos. 87–1011, 87–2135 May 5, 1989.

---

Dennis M. Doherty (argued), Chicago, Ill., William F. Branch (argued), East Detroit, Mich., for defendants-appellants.

William J. Varrelas, Chicago, Ill., pro se.

John A. Smietanka, U.S. Atty., Grand Rapids, Mich., Donald Daniels, Asst. U.S. Atty. (argued), for plaintiff-appellee.

Before MARTIN and JONES, Circuit Judges, and FEIKENS,* Senior District Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Edwin J. Hagen and William J. Varellas appeal their convictions and sentences. Both Hagen and Varellas were convicted of the federal crimes of conspiracy to kidnap, 18 U.S.C. § 1201(a) and (c); interstate travel in aid of racketeering, 18 U.S.C. § 1952(a)(2); and interstate transportation of firearms with intent to commit a felony, 18 U.S.C. § 1952(a)(2); and interstate transportation of firearms with intent to commit a felony, 18 U.S.C. § 924(b). The district court sentenced both Hagen and Varellas to terms of incarceration of 150 years each on the charge of conspiracy to kidnap alone. Moreover, the court provided that neither defendant could become eligible for parole until after each had served fifty years of his kidnapping sentence, pursuant to 18 U.S.C. § 4205(b)(1). Hagen and Var-

---

* The Honorable John Feikens, Senior District Judge for the Eastern District of Michigan, sit-

ellas also received shorter sentences for the firearms and racketeering charges.

The major issue in these appeals involves the interpretation of subsections (a) and (b) of 18 U.S.C. § 4205. Hagen and Varellas contend that the district court lacks authority to designate a term greater than ten years before they become eligible for parole.

Section 4205 of Title 18 governs the time of eligibility for release on parole. Subsection (a) provides that a prisoner shall become eligible for parole after serving one-third of a sentence for a term of years, or ten years of a life sentence or of a sentence of more than thirty years. It states:

> Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms or after serving ten years of a life sentence or of a sentence of over thirty years, except to the extent otherwise provided by law.

Subsection (b) of section 4205 states:

> Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interest of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall be eligible for parole, which term may be less than but shall not be more than one-third of the maximum sentence imposed by the court, or (2) the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may be released on parole at such time as the Commission may determine.

The government contends that the last clause of section 4205(a), "except to the extent otherwise provided by law," provides for exceptions to the ten-year limit, and that section 4205(b)(1) is such an excep-

ting by designation.

tion. Under the plain language of section 4205(b)(1), the government argues, the district court may designate a term of parole ineligibility greater than ten years.

Hagen and Varellas argue that the government's interpretation produces an anomaly. They contend that under their current sentences, they must each serve fifty years before becoming eligible for parole, but a person sentenced to imprisonment for life is eligible for parole after having served ten years. The legislative history, they suggest, indicates that subsection 4205(b)(1) authorizes the district court only to reduce the term to be served before becoming eligible for parole to less than ten years. *United States v. DiPasquale*, 859 F.2d 9, 12–13 (3rd Cir.1988); *United States v. Castonguay*, 843 F.2d 51, 54–56 (1st Cir.1988); *United States v. Fountain*, 840 F.2d 509, 520–23 (7th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 533, 102 L.Ed.2d 564 (1988).

The starting point for construing a statute is the language of the statute itself. The inquiry into the statute's meaning does not however, end there.

> [A]scertainment of the meaning apparent on the face of a single statute need not end the inquiry. This is because the plain-meaning rule is "rather an axiom of experience than a rule of law, and does not preclude consideration of persuasive evidence if it exists."

*Watt v. Alaska*, 451 U.S. 259, 266, 101 S.Ct. 1673, 1677, 68 L.Ed.2d 80 (1981) (citations omitted).

The legislative history indicates that Congress did not intend to give the district court authority to designate a term of parole ineligibility greater than ten years. From 1914 until 1951 a federal prisoner serving a life term became eligible for parole after having served fifteen years, while a prisoner serving a sentence for a specific term of years became eligible for parole after serving one-third of that sentence. Act of January 23, 1913, 37 Stat. 650, *repealed by* Parole Commission and Reorganization Act of 1976, § 2, 90 Stat. 219. *Fountain*, 840 F.2d at 520. Thus, prisoners sentenced to a term of incarcera-

tion greater than forty-five years (for lesser crimes) became eligible for parole later than prisoners serving life terms (for greater crimes).

This disparate treatment led Congress to amend the statute in 1951 to provide that a prisoner serving a term greater than forty-five years became eligible for parole in fifteen years. Act of July 31, 1951, 65 Stat. 150, *repealed by* Parole Commission and Reorganization Act of 1976, § 2, 90 Stat. 219. The Senate Report, repeating in substance the House Report, stated that the amendment:

> [W]ould make prisoners sentenced to imprisonment of over 45 years eligible for consideration of parole after serving 15 years to conform with the minimum period of eligibility for life prisoners. The present inflexible rule that a prisoner sentenced to a definite term must serve one-third of his sentence to become eligible for parole seems unjust in its application to prisoners sentenced for more than 45 years because a prisoner serving a life sentence becomes eligible in 15 years. Thus, under the present law, a prisoner sentenced to a total of 60 years on a charge less severe in its nature than homicide, will have to serve 20 years before becoming eligible for parole, while a person sentenced to life for homicide becomes eligible for parole after serving 15 years.... [T]he committee believes the amendment desirable as removing a patent discrimination.

S.R. No. 524, 82nd Cong., 1st Sess., *reprinted in* 1951 U.S.Code Cong. & Ad. News 1676, 1677.

Thus, after amendment of the statute in 1951, a prisoner sentenced to a term of incarceration greater than forty-five years became eligible for parole in fifteen years. This was the situation before the amendment of the statute in 1958, which added subsection 4205(b).

The purpose of subsection 4205(b) is to provide judicial power to impose indeterminate sentences. The Conference Report stated:

> The purpose of the principal Senate amendment (sec. 3) [subsection (b) ] is to

provide the court with optional procedures which will enable it to impose sentences indeterminate in nature. This will permit the court, at its discretion, to share with the executive branch responsibility for determining how long a period a prisoner should actually serve. The court will be authorized to impose a term of imprisonment either under the existing definite sentencing system, or fix the maximum term of the sentence and (1) direct that the prisoner shall be eligible for parole at any time up to one-third this maximum, *as now provided by law,* or (2) specify that the Board of Parole shall decide when the prisoner will be considered for parole. *In other words, if a court is so disposed, it may give the Parole Board greater latitude in a particular case or, if it is not so inclined, may follow the present sentencing system.*

Conf.Rep. No. 2579, 85th Cong. 2nd Sess., *reprinted in* 1958 U.S.Code Cong. & Ad. News 3891, 3905 (emphasis added).

The emphasized portions indicate that Congress did not intend to overturn the existing rule that a prisoner serving a term of incarceration greater than forty-five years may become eligible for parole in fifteen years. *Fountain,* 840 F.2d at 522. Rather, the purpose of subsection 4205(b) was to allow a judge to reduce the term served before eligibility for parole to either a fixed term less than fifteen years or no term.

The Administrative Office of the United States Courts, the American Bar Association, and the Judicial Conference of the United States, in recommending the proposed amendment, stated that the purpose of subsection 4205(b) was to give judges the discretion to fix an earlier date of parole eligibility. S.R. No. 2013, 85th Cong., 2nd Sess., *reprinted in* 1958 U.S.Code Cong. & Ad.News 3894, 3896, 3899 and 3900.

The legislative history is devoid of any indication that Congress intended to repeal the fifteen-year limit established six years before. This absence supports Hagen and Varellas' interpretation. Repeals by implication are not favored.

Our examination of the legislative history is guided by another maxim: " 'repeals by implication are not favored.' " "The intention of the legislature to repeal must be 'clear and manifest.' " We must read the statutes to give effect to each if we can do so while preserving their sense and purpose. *Watt v. Alaska,* 451 U.S. at 266–67, 101 S.Ct. at 1677–78 (citations omitted); *Fountain,* 840 F.2d at 522.

In addition to giving judicial discretion to set an earlier parole eligibility date, the same Act authorized the establishment of institutes and joint councils on sentencing under the auspices of the Judicial Conference of the United States. H.J.R. of 424, 85th Cong., 2nd Sess., 72 Stat. 845 (1958). Its purpose was to address the problem of disparity in sentences. S.Rep. No. 2013, 85th Cong., 2nd Sess., *reprinted in* 1958 U.S.Code Cong. & Ad.News 3891, 3893. It would be incongruous for Congress, showing continued concern over disparity in sentences, to recreate the possibility of disparity which it had removed just six years before. *Castonguay,* 843 F.2d at 55–56.

When the district judge sentenced Hagen and Varellas, three United States Courts of Appeals had held that the district court had authority to designate a term of parole eligibility greater than ten years. *United States v. Gwaltney,* 790 F.2d 1378, 1388–89 (9th Cir.1986), *cert. denied,* 479 U.S. 1104, 107 S.Ct. 1337, 94 L.Ed.2d 187 (1987); *Rothgeb v. United States,* 789 F.2d 647, 651–53 (8th Cir.1986); *United States v. O'Driscoll,* 761 F.2d 589, 595–98 (10th Cir.1985), *cert. denied,* 475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986); *see also United States v. Berry,* 839 F.2d 1487 (11th Cir. 1988). Since appellants were sentenced, three United States Courts of Appeals, after examining the legislative history, have held that a district court lacks such authority. *DiPasquale,* 859 F.2d at 13; *Castonguay,* 843 F.2d at 56; *Fountain,* 840 F.2d at 521.

We find the legislative history of subsections 4205(a) and (b) decisive and conclude

that the district court exceeded its authority in setting a minimum term of fifty years to be served before appellants become eligible for parole.

That portion of the sentences providing for parole eligibility only after appellants have served fifty years of their respective sentences is vacated and the cases are remanded so that the sentences may be amended in accordance with this opinion.

The remaining contentions raised by these appeals are without merit and the judgments of conviction and sentence, except as herein modified, are in all respects affirmed. Additionally, Hagen's motion for a new trial is without merit and is denied.