902 F.2d 1568
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis Edward BEACH, Petitioner-Appellant,
v.
Bill R. STORY, Warden, Federal Correctional Institute,
Ashland, Kentucky; J. Michael Quinlan, Director, Federal
Bureau of Prisons; Benjamin Baer, Director, United States
Parole Commission; Richard Thornburgh, United States
Attorney General, Respondents-Appellees.
 No. 89-5919.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1990.
 
 1
 Before BOYCE F. MARTIN, Jr. and RALPH B. GUY, Jr., Circuit Judges and HORACE W. GILMORE, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Dennis Edward Beach, a pro se federal prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2241.
 
 
 4
 Beach filed his petition alleging that the United States Parole Commission unlawfully enhanced his sentence by requiring him to serve eighty months before being released on parole instead of the 36 to 48 month range specified by the Commission's guidelines.
 
 
 5
 After a review of the magistrate's report and Beach's objections, the district court adopted the magistrate's recommendation and dismissed the action. Beach has filed a timely appeal, challenging the district court's judgment of dismissal.
 
 
 6
 Upon review, we affirm the judgment of dismissal for the reasons stated by the district court.
 
 
 7
 Beach's assertions that the Parole Commission unlawfully enhanced his sentence are meritless. The Commission can neither alter the terms of a judicially imposed sentence or the penalty provisions of the laws upon which such sentence is based. It can also not apply its guidelines to release a prisoner before he becomes eligible for parole. Farkas v. United States, 744 F.2d 37, 39-40 (6th Cir.1984).
 
 
 8
 Since Beach is scheduled for release at the one-third point of his sentence, the Commission has not acted contrary to law. Under the applicable statute, Beach must serve one-third, or eighty months, of his twenty year sentence before becoming eligible for parole. 18 U.S.C. Sec. 4205(a) (repealed eff. Nov. 1, 1986); see also United States v. Hagen, 869 F.2d 277 (6th Cir.), cert. denied, 109 S.Ct. 2804 and 3228 (1989).
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation