924 F.2d 1059
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Michael THURMOND, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-5811
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1991.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges; and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner, William Michael Thurmond, appeals the district court's judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Thurmond was convicted by a jury of kidnapping and transporting a stolen vehicle. He was sentenced to a total of 96 years imprisonment (91 years on the kidnapping charge with a five year consecutive sentence on the vehicle charge). The court also ordered, pursuant to 18 U.S.C. Sec. 4205(b), that he not be eligible for parole until after service of thirty years. The conviction was affirmed on direct appeal and the United States Supreme Court denied certiorari. This court later affirmed the district court's judgment denying Thurmond's motion for a reduction of sentence filed pursuant to Fed.R.Crim.P. 35(b).
 
 
 3
 Thereafter, Thurmond filed his motion to vacate alleging that the thirty year parole ineligibility term was erroneously applied based upon this court's decision in United States v. Hagen, 869 F.2d 277 (6th Cir.), cert. denied, 109 S.Ct. 3228 (1989). In Hagen, this court ruled that district courts did not have the authority under 18 U.S.C. Sec. 4205(b) to set parole ineligibility terms in excess of ten years. Thurmond sought to have his sentence corrected by changing his parole eligibility to ten years. The district court denied the motion, finding that this court's prior decisions upholding the sentence imposed were final judgments and were res judicata to issues raised in the instant motion.
 
 
 4
 On appeal, Thurmond argues that res judicata should not bar relief in the face of an intervening change in the law.
 
 
 5
 Upon review, we shall reverse the district court's judgment. The Supreme Court held in Sanders v. United States, 373 U.S. 1 (1963), that the doctrine of res judicata does not generally apply to petitions for habeas corpus. The court held that res judicata will apply to habeas petitions only if three factors are met. See Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.1987). We hold that the third factor is not met here, as the "ends of justice" would not be served by continuing to apply the construction of Sec. 4205(b) rejected by Hagen.
 
 
 6
 Accordingly, the district court's judgment is hereby reversed pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.