932 F.2d 967
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles E. FRIERSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-6336.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1991.
 
 Before KENNEDY and BOYCE F. MARTIN, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Charles E. Frierson appeals the district court's order denying his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On September 14, 1984, Frierson was sentenced to a term of sixty years imprisonment for his convictions on multiple drug charges. His sentence included a minimum parole eligibility term of nineteen years. The convictions and sentence were affirmed on appeal. United States v. Frierson, No. 84-5873 (6th Cir.Sept. 30, 1985) (per curiam) (unpublished).
 
 
 3
 On March 12, 1990, Frierson filed a motion to vacate, set aside or correct sentence, in which he asserted that he was denied effective assistance of counsel. The district court appointed counsel to assist Frierson with his motion to vacate. Counsel filed an amended motion to vacate sentence. In the amended motion, Frierson maintained that the sentencing court exceeded its authority under 18 U.S.C. Sec. 4205 in setting his minimum parole eligibility at a term of nineteen years. Frierson's previous claims were abandoned.
 
 
 4
 In its order denying the motion to vacate, the district court expressly relied on an unpublished Sixth Circuit order which upheld a similar sentence. See United States v. Thurmond, No. 80-5057 (6th Cir. July 14, 1980).
 
 
 5
 Upon review, we conclude that the district court abused its discretion by denying the motion. We agree with Frierson's proposition that the published decision of United States v. Hagen, 869 F.2d 277 (6th Cir.), cert. denied, 109 S.Ct. 3228 (1989), is controlling. In Hagen, we held that the district court exceeded its authority under 18 U.S.C. Sec. 4205 by setting a maximum term of minimum parole eligibility greater than ten years. Id. at 280-81.
 
 
 6
 Accordingly, the district court's order is vacated and the matter is hereby remanded to the district court for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.