991 F.2d 796
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
J.D. THORNTON, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION; Joseph B. Bogan, III,
Respondents-Appellees.
 No. 92-2249.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 Before KENNEDY, MARTIN and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 J.D. Thornton is a federal prisoner. He filed a petition under 28 U.S.C. § 2241 in which he challenged a decision of the United States Parole Commission that he remain incarcerated until expiration of his sentence. The matter was referred to a magistrate judge who recommended that the petition be dismissed. The district court adopted the recommendation over Thornton's objections and this appeal followed. The parties have briefed the issues; Thornton is proceeding without benefit of counsel.
 
 
 3
 Upon consideration, we find no reversible error in the proceedings on review. Thornton pleaded guilty in 1986 to one RICO count, in violation of 18 U.S.C. § 1962(c), and one count of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to a fifteen (15) year term of imprisonment. In 1988, Thornton was accorded a parole hearing. The examiner panel subsequently recommended a presumptive parole date for Thornton of April 1992. The Regional Director and the Regional Commissioner disagreed with this recommendation, however, and voted to continue Thornton's incarceration to his expiration date of July 1994. This latter decision was upheld by the National Commissioners and by the National Appeals Board.
 
 
 4
 Thornton subsequently filed a habeas corpus petition under 28 U.S.C. § 2241 in which he claimed that the initial decision of the examiner panel was improperly overturned, that the various Parole Commission findings on appeal from the initial decision were based on inaccurate factual determinations, and that he was entitled to release after service of one-third of his sentence under the provisions of 18 U.S.C. § 4205(b)(2) (repealed effective November 1, 1987).
 
 
 5
 Thornton's claims lack merit. Thornton contends that the findings and decision of the initial examiner panel were somehow unassailable on appeal. This is incorrect. The law is clear that the examiner panel had the limited power to conduct a hearing and make a recommendation, not a final decision, concerning Thornton's presumptive parole date. 28 C.F.R. § 2.23(d) (1992). Thornton's second claim concerns factual findings made by the Parole Commission. This court lacks the authority to review specific findings of fact or credibility determinations made by the Commission in reaching its final decision. Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir.1984). Finally, there is no merit to Thornton's interpretation of 18 U.S.C. § 4205. The law is clear that 18 U.S.C. § 4205 provides guidelines only for parole eligibility, not mandatory release. See United States v. Hagen, 869 F.2d 277, 279-80 (6th Cir.) (purpose of § 4205(b) is to provide judicial power to impose indeterminate sentences so as to reduce the term served before eligibility for parole), cert. denied, 490 U.S. 1074 (1989).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.