NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 9, 2013[*]
Decided December 16, 2013

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-1582

| | |
|---|---|
| WILLIAM J. VARELLAS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Indiana, |
| | Terre Haute Division. |
| *v.* | |
| | No. 2:12-cv-14-WTL-WGH |
| UNITED STATES PAROLE COMMISSION, | |
| *Defendant-Appellee.* | William T. Lawrence, |
| | *Judge.* |

**O R D E R**

William Varellas sued under the Administrative Procedure Act, *see* 5 U.S.C.
§ 702, claiming that the United States Parole Commission violated the Sentencing
Reform Act of 1984 by not setting his parole date before the Commission's scheduled

---

[*] After examining the briefs and record, we have concluded that oral argument
is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP.
P. 34(a)(2)(C).

(but canceled) shutdowns. The district court dismissed his suit for failure to state a claim. We affirm the judgment.

Varellas was convicted in 1986 of conspiracy to kidnap, 18 U.S.C. § 1201(a),(c); interstate travel in aid of racketeering, *id.* § 1952(a)(2); and interstate transportation of firearms with intent to commit a felony, *id.* § 924(b). *United States v. Hagen*, 869 F.2d 277, 278 (6th Cir. 1989). He was sentenced to 150 years' imprisonment for the conspiracy to kidnap and to shorter terms of imprisonment for the other charges. *Id.* Varellas is eligible for parole because he committed his crimes before November 1, 1987, the effective date of the Sentencing Reform Act of 1984. *See* Sentencing Reform Act of 1984, Pub. L. No. 98-473, § 235(a)(1), 1984 U.S.C.C.A.N. (98 Stat.) 2031, *amended by* Sentencing Reform Amendments Act of 1985, Pub. L. No. 99-217, § 4, 1985 U.S.C.C.A.N. (99 Stat.) 1728, *reprinted in* 18 U.S.C. § 3551 note (Effective and Applicability Provisions); *Hagen*, 869 F.2d at 278. He waived parole consideration in July 1998 and since then has never applied for a parole hearing.

Under the Sentencing Reform Act, the Commission originally was scheduled to close permanently on November 1, 1992, but Congress repeatedly has extended the Commission's life, most recently until November 1, 2018. *See* § 235(b)(1), 98 Stat. at 2032; United States Parole Commission Extension Act of 2013, Pub. L. No. 113-47, § 2, 127 Stat. 572. Section 235(b)(3) of the Sentencing Reform Act requires that the Commission set a parole date for prisoners who will be in its jurisdiction the day before the Commission's scheduled closure.

In January 2012, Varellas filed this APA suit, claiming that the Commission repeatedly had violated his rights by not setting a parole date before its scheduled demise in 2002, 2005, 2008, and again in November 2011. He sought a declaration that the Commission had been obligated to decide, at least six months before every scheduled shutdown, if and when he would be paroled. The Commission had never done so, and thus Varellas asked the district court to compel the agency to determine his release date. The Commission moved to dismiss, arguing that Varellas was not entitled to a parole decision until he applied for one. *See* 28 C.F.R. § 2.11. In February 2013, the district court dismissed for failure to state a claim. The court expressed uncertainty whether Varellas's suit is proper under the APA or instead arises under 28 U.S.C. § 2241. Yet either way, the court reasoned, the Commission is not, nor has it ever been, required to set a parole date for Varellas. Varellas filed a notice of appeal, and afterward Congress again extended the Commission's life.

On appeal Varellas argues that the district court erred by not deciding if his lawsuit is one under the APA or § 2241. He also contends that the court should not have dismissed the suit. The Commission insists that Varellas's suit arises under § 2241. On this point the Commission is mistaken. Varellas does not seek release from prison—a claim cognizable under habeas corpus, *see Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005); *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003)—but instead challenges the Commission's asserted failure to discharge a statutory duty to *consider* him for release. We thus review whether Varellas states a claim for relief under the APA. *See* 18 U.S.C. § 4218; *Richmond v. Scibana*, 387 F.3d 602, 605–06 (7th Cir. 2004); *Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998).

The Commission must determine release dates far enough in advance to allow prisoners to appeal the decision before the Commission eventually shuts down. *See* § 235(b)(3), 98 Stat. at 2032; *Furnari v. U.S. Parole Comm'n*, 531 F.3d 241, 248 (3d Cir. 2008); *Bledsoe v. United States*, 384 F.3d 1232, 1236–37 (10th Cir. 2004). A former version of a regulation implementing § 235(b)(3) provided that three to six months was sufficient time to allow prisoners to appeal their release dates, *see Furnari*, 531 F.3d at 248 (citing 28 C.F.R. § 2.64(b) (1996)), but the Commission revised the regulation, omitting any suggestion that it would set prisoners' release dates at least three months before its eventual closure. *See* 61 Fed. Reg. 55,743 (Oct. 29, 1996) (to be codified at 28 C.F.R. pt. 2). In any event, the statute requires the Commission to set release dates only for those prisoners who remain in custody the day before the agency ceases to exist. *See* § 235(b)(3), 98 Stat. at 2032; *Furnari*, 531 F.3d at 248; *Bledsoe*, 384 F.3d at 1236–37. Therefore, Varellas will have a statutory right to have his release date set only if he is still in prison the day before the Commission actually closes permanently.

It follows that Varellas's complaint does not state a claim for relief. The APA authorizes courts to award two types of relief when reviewing agency decisions: to "compel agency action unlawfully withheld or unreasonably delayed; and . . . hold unlawful and set aside agency action." 5 U.S.C. § 706. The Commission was never required to set a release date for Varellas, nor will it be required to do so until it actually shuts down. Therefore, the district court cannot compel the Commission to set Varellas's release date, nor is there any agency action for the court to set aside. *See id*.

Accordingly, the judgment of the district court is **AFFIRMED**.